UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHNATHAN MCFARLAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:08CV1718 CDP |
| UNITED PARCEL SERVICE, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Johnathan McFarland for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings the instant lawsuit under Title VII of the Civil Rights Act of 1964. In the complaint and attached Charge of Discrimination, plaintiff alleges that he was harassed and eventually fired because he is African-American. The complaint contains further vague allegations, such as allegations that "all supervisors" committed "wanton acts against [plaintiff's] mental health, unborn children, and psychological well-being." The complaint seeks monetary and injunctive relief.

In a supplemental filing plaintiff describes in more detail, although without clarity, his disagreements with his supervisors and problems with defendant. Although his allegations are mostly conclusory, plaintiff appears to be alleging that a supervisor harassed plaintiff in retaliation for filing union grievances. Plaintiff claims that

defendant was negligent for allowing the harassing behavior to continue and that his union was also negligent for failing to help him.

**Previous Litigation**

On May 1, 2008, defendant removed a case to this Court that plaintiff had brought in state court.[1] The underlying facts of that case were identical to the instant complaint, although it was unclear under what provision of law plaintiff had intended to bring the action. The complaint referenced the Civil Rights Act of 1964 (Title VII) and the Labor Management Relations Act (the "LMRA"). Defendant moved to dismiss the complaint under Rule 12(b)(6) because it failed to state a claim under either Title VII or the LMRA. The Court dismissed plaintiff's complaint because it failed to clearly state what provision of employment law defendant was supposed to have violated and because while it appeared plaintiff may have been attempting to bring an action under the LMRA he had failed to exhaust union remedies before bringing suit. Plaintiff did not introduce his right-to-sue letter or charge of discrimination in the action.

After the case was dismissed, plaintiff filed a document that the Court construed to be a motion to reconsideration. Plaintiff did not file a copy of his right-to-sue letter or his charge of discrimination along with the motion for reconsideration.

---

[1] McFarland v. United Parcel Service, 4:08CV621 CDP (E.D. Mo.).

## Discussion

Title VII cases must be filed no later than ninety days after the right-to-sue letter issues. Williams v. Thomson Corp., 383 F.3d 789, 790-91 (8th Cir. 2004) (per curiam). Cases filed after the ninety-day limitations period runs must be dismissed as untimely. Id. In this case, plaintiff's right-to-sue letter was issued on January 8, 2008. Because this case was filed more than ninety days after the letter issued, this case is untimely and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. # 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is untimely.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2008.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE